NOLAN J. MAYTHER
ANNE J. VELDHUIS
Trial Attorneys
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Rm 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
Facsimile: (415) 934-5399
nolan.mayther@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN W. MCCULLOCH, <br><br> Defendant. | No. 4:22-cv-00007-RRB-SAO <br><br> COUNT ONE: <br> Conspiracy <br>   Vio. of 18 U.S.C. § 371 <br><br> COUNT TWO: <br> Kickbacks <br>   Vio. of 41 U.S.C. § 8702 <br><br> COUNT THREE: <br> Kickbacks <br>   Vio. of 41 U.S.C. § 8702 <br><br> COUNT FOUR: <br> Kickbacks <br>   Vio. of 41 U.S.C. § 8702 <br><br> COUNT FIVE: <br> Kickbacks <br>   Vio. of 41 U.S.C. § 8702 |

# I N F O R M A T I O N

The United States charges that:

## BACKGROUND

1. Fort Wainwright is a United States Army facility located in Fairbanks, Alaska. Between 2016 and 2021, the United States Army awarded contracts to various prime contractors for construction services and maintenance at Fort Wainwright.

2. Beginning no later than March 2016 and continuing through at least March 2021 ("the relevant period"), defendant BENJAMIN MCCULLOCH was the owner of COMPANY A. During the relevant period, COMPANY A was a sub-contractor providing flooring construction services to the United States Army at Fort Wainwright.

3. During the relevant period, INDIVIDUAL 1 was an employee of COMPANIES B and C, both of which were prime contractors providing construction services at Fort Wainwright.

4. During the relevant period, COMPANY A, at MCCULLOCH's direction, provided flooring construction services at Fort Wainwright as a subcontractor to COMPANIES B and C.

//
//
//
//
//

# COUNT ONE

## (Conspiracy to Provide Kickbacks in violation of 18 U.S.C. § 371)

### The Conspiracy and its Objects

5. Beginning at least as early as March 2016, and continuing through and around March 2021, in the District of Alaska and elsewhere, MCCULLOCH, INDIVDIUAL 1, and others known and unknown, did unlawfully, willfully, and knowingly combine, conspire, and agree together and with each other to commit an offense against the United States, namely, to provide kickbacks in violation of 41 U.S.C. § 8702, specifically, by MCCULLOCH knowingly and willfully providing kickbacks—that is, money, fees, commissions, credits, gifts, gratuities, things of value, and compensation—directly and indirectly to INDIVIDUAL 1, for the purpose of improperly obtaining and rewarding favorable treatment in connection with subcontracts relating to prime contracts for construction services at Fort Wainwright.

### Manner and Means of the Conspiracy

6. The manner and means of the conspiracy were as follows:

   a. Beginning in or around March 2016, MCCULLOCH submitted flooring construction proposals for projects at Fort Wainwright to INDIVIDUAL 1 and engaged in communications and attended meetings with INDIVIDUAL 1. In the course of these interactions, INDIVIDUAL 1 requested that MCCULLOCH inflate the prices COMPANY A charged COMPANY B and COMPANY C for flooring construction services at Fort Wainwright. MCCULLOCH agreed in the

3

course of these interactions to pay approximately half of the inflated amount to INDIVIDUAL 1 as kickbacks.

b. INDIVIDUAL 1 solicited specific kickbacks related to particular subcontracts by inflating the price contained in MCCULLOCH's proposals and requesting that MCCULLOCH re-submit proposals with inflated prices to COMPANIES B and C. MCCULLOCH then re-submitted the inflated proposals.

c. INDIVIDUAL 1 then caused COMPANIES B and C to award flooring subcontracts to MCCULLOCH and COMPANY A at the inflated price. MCCULLOCH then provided kickbacks in the form of cash and goods to INDIVIDUAL 1, equal to approximately half of the inflated amount.

<u>Overt Acts</u>

7. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed in the District of Alaska and elsewhere:

a. Beginning on or around March 13, 2017, in a continuing course of conduct, MCCULLOCH provided at least $47,563.22 in kickbacks to INDIVIDUAL 1 for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 1053 located on Fort Wainwright. Among the kickbacks MCCULLOCH provided INDIVIDUAL 1 was a 2017 Ford Explorer worth at least $45,164.00.

b. Beginning on or around September 20, 2018, and continuing through at least December 2, 2019, MCCULLOCH provided at least $32,021.87 in kickbacks to INDIVIDUAL 1 for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 3416, located on Fort Wainwright. The kickbacks MCCULLOCH provided INDIVIDUAL 1 included, among other things, Apple watches, TVs, a camera, a camera lens, binoculars, workout equipment, and cash payments.

c. Beginning on or around January 29, 2020, and continuing through at least April 30, 2020, MCCULLOCH provided at least $1,816.98 in kickbacks to INDIVIDUAL 1 for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at a Popeyes-Taco Bell restaurant, located on Fort Wainwright.

d. Beginning in or around July 2020, in a continuing course of conduct, MCCULLOCH provided at least $20,000 in kickbacks to INDIVIDUAL 1 for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Hangar 1, located on Fort Wainwright. Among the kickbacks MCCULLOCH provided INDIVIDUAL 1 were cash payments and a side-by-side all-terrain vehicle worth approximately $16,499.

All in violation of Title 18, United States Code, Section 371 and Title 41, United States Code, Section 8702.

## COUNT 2

**(Providing Kickbacks in violation of 41 U.S.C. § 8702—Building 1053)**

8. The allegations set forth in Count 1 are incorporated herein by reference.

9. Beginning in or around March 13, 2017, in a continuing course of conduct, in the District of Alaska and elsewhere, MCCULLOCH knowingly and willfully provided at least $47,563.22 in kickbacks—that is, money, fees, commissions, credits, gifts, gratuities, things of value, and compensation—directly and indirectly to INDIVIDUAL 1, as a prime contractor employee, for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 1053 in Fort Wainwright. Among the kickbacks MCCULLOCH provided INDIVIDUAL 1 was a 2017 Ford Explorer worth at least $45,164.00. MCCULLOCH made loan payments on the 2017 Ford Explorer through at least March 2019.

All in violation of Title 41, United States Code, Section 8702.

## COUNT 3

**(Providing Kickbacks in violation of 41 U.S.C. § 8702—Building 3416)**

10. The allegations set forth in Count 1 are incorporated herein by reference.

11. Beginning on or around September 20, 2018, and continuing through at least December 2, 2019, in the District of Alaska and elsewhere, MCCULLOCH knowingly and willfully provided at least $32,021.87 in kickbacks to INDIVIDUAL 1, as a prime

contractor employee, for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 3416, located on Fort Wainwright. The kickbacks MCCULLOCH provided INDIVIDUAL 1 included, among other things, Apple watches, TVs, a camera, a camera lens, binoculars, workout equipment, and cash payments.

All in violation of Title 41, United States Code, Section 8702.

## COUNT 4

**(Providing Kickbacks in violation of 41 U.S.C. § 8702—Popeyes-Taco Bell)**

12. The allegations set forth in Count 1 are incorporated herein by reference.

13. Beginning on or around January 29, 2020, and continuing through at least April 30, 2020, in the District of Alaska and elsewhere, MCCULLOCH knowingly and willfully provided at least $1,816.98 in kickbacks to INDIVIDUAL 1, as a prime contractor employee, for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at a Popeyes-Taco Bell restaurant, located on Fort Wainwright.

All in violation of Title 41, United States Code, Section 8702.

//
//
//
//
//
//

7
Case 4:22-cr-00007-RRB-SAO   Document 1   Filed 08/25/22   Page 7 of 8

## COUNT 5

**(Providing Kickbacks in violation of 41 U.S.C. § 8702—Hangar 1)**

14. The allegations set forth in Count 1 are incorporated herein by reference.

15. Beginning in or around July 2020, in a continuing course of conduct, in the District of Alaska and elsewhere, MCCULLOCH knowingly and willfully provided at least $20,000 in kickbacks to INDIVIDUAL 1, as a prime contractor employee, for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Hangar 1, located on Fort Wainwright. Among the kickbacks MCCULLOCH provided INDIVIDUAL 1 were cash payments and a side-by-side all-terrain vehicle worth approximately $16,499. All in violation of Title 41, United States Code, Section 8702.

DATED: August 25, 2022

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION, By

JONATHAN S. KANTER
Assistant Attorney General

RICHARD A. POWERS
Deputy Assistant Attorney General

NOLAN J. MAYTHER
ANNE J. VELDHUIS
Trial Attorneys